# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOSEPH W. JEAN-LOUIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:11-cv-1643-JMS-DKL |
| | ) | |
| WARDEN LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Joseph W. Jean-Louis is confined in this District following his conviction in the United States District Court for the Western District of Missouri. Contending that his trial counsel rendered him ineffective assistance, he files this petition for a writ of habeas corpus.

Whereupon the court, having considered the habeas petition and the supplements thereto, and being duly advised, finds that Jean-Louis' petition for a writ of habeas corpus must be **denied** and this action **dismissed**. This conclusion rests on the following facts and circumstances:

1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343 (1974); *United States v. Bezy,* 499 F.3d 668, 670 (7th Cir. 2007). A 28 U.S.C. § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

3. Jean-Louis pled guilty to robbing a bank by intimidation on April 8, 2008. He was sentenced to a term of imprisonment of 151 months. No direct appeal was taken. The trial court denied his motion for relief pursuant to 28 U.S.C. § 2255 in *Jean-Louis v. United States*, 2009 WL 1912523 (W.D. Mo. 2009). Jean-Louis now seeks habeas corpus relief based on his claim that his trial counsel was ineffective by not presenting a not guilty by reason of insanity defense on his behalf and by providing him incorrect advice regarding the consequences of his guilty plea. In his motion pursuant to § 2255, Jean-Louis argued, as he argues here, that his counsel was ineffective for not proceeding with a not guilty by reason of insanity defense. And the argument that counsel provided him incorrect information regarding his guilty plea was certainly available to him in his § 2255 motion.

4. Because his claims were presented or could have been presented to the trial court, the remedy afforded by § 2255 was anything but "unavailable" or ineffective to test the validity of his conviction. Additionally, his claim regarding the insanity defense was decided on the merits by the trial court. It is not available for further review here.

5. In summary, therefore, Jean-Louis has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Because Jean-Louis cannot obtain the review or the relief he seeks in this action pursuant to 28 U.S.C. § 2241(c)(3), the action must be dismissed. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/20/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana